INTERNATIONAL TELEPHONE & TELEGRAPH CORPORATION AND AFFILIATED COMPANIES, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7990–75.    Filed December 31, 1981.

*Stephen D. Gardner*, for the petitioners.
*Julius A. Jove*, for the respondent.

SUPPLEMENTAL OPINION

TANNENWALD, *Chief Judge*: The original opinion in this proceeding, *International Telephone & Telegraph v. Commissioner*, 77 T.C. 60, was issued on July 9, 1981. In that opinion, we held that petitioners had not met their burden of proof as to whether any loss was realized by ITT Aetna Finance Co. (ITT Aetna) or ITT Avis, Inc. (ITT Avis), on the retirement of Avis, Inc. (Avis), and Aetna Finance Co. (Aetna) subordinate convertible debentures. See 77 T.C. at 72–84.

Petitioners timely filed a motion for leave to reopen the record for submission of additional evidence and for reconsideration of certain findings relating to the convertible debentures. See Rule 161, Tax Court Rules of Practice and Procedure. Respondent filed a written response to this motion, and a hearing was held on the matter. Petitioners' motion was granted "solely to the extent that the record is reopened in order that additional evidence may be submitted and briefs filed with respect to the measure and nature of the loss of ITT Aetna and/or ITT Avis." Order entered August 26, 1981.

Respondent filed a motion for reconsideration reiterating

arguments which we had considered in our original opinion. Respondent's motion was denied.

In respondent's brief filed pursuant to our order of August 26, 1981, respondent argues that section 118, I.R.C. 1954, precludes the realization of any loss by ITT Avis and that "no loss" is encompassed within the phrase "measure * * * of the loss" contained in that order. We disagree and hold that the issue which respondent seeks to raise falls outside the limitations of our order reopening the record.

Respondent, while reserving his right on appeal to argue that ITT Avis and ITT Aetna did not realize and recognize any loss with respect to the convertible debentures, agrees with petitioners as to the calculation and characterization of the losses in question. The parties agree that ITT Avis and ITT Aetna suffered ordinary losses in 1965 of $1,204,538[1] and $45,276.50,[2] respectively.

In view of the foregoing, we hold that petitioners have satisfied their burden of proof (see 77 T.C. at 80, 84), and that the Rule 155 computation should reflect this holding. As to all

---

[1]The amount is calculated as follows:

*Avis 6% debentures*
| | | |
|---|---:|---:|
| Amount received by Avis on issuance | $258,020 | |
| Plus allowable amortization of issuing expenses (or amount paid by bondholders on issuance of bonds, $266,000, less unamortized issuing expenses of $3,192) | 4,788 | |
| | 262,808 | |
| ITT Avis deemed purchase price | 424,781 | |
| | | $161,973 |

*Avis 5 1/2% debentures*
| | | |
|---|---:|---:|
| Amount received by Avis on issuance | 657,900 | |
| ITT Avis deemed purchase price | 1,700,465 | |
| | | 1,042,565 |
| | | 1,204,538 |

[2]The amount is calculated as follows:

| | |
|---|---:|
| Amount received by Aetna on issuance | 409,492.50 |
| Plus allowable amortization of issuing expenses (or amount paid by bondholders on issuance of bonds, $426,000, less unamortized issuing expenses of $9,904.50) | 6,603.00 |
| | 416,095.50 |
| ITT Aetna deemed purchase price | 461,372.00 |
| | 45,276.50 |

other matters, we adhere to our prior opinion. In accordance with our previous direction,

*Decision will be entered under Rule 155.*